## CHEROKEE SPINNING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9270.

Circuit Court of Appeals, Sixth Circuit.

July 3, 1944.

Geo. E. H. Goodner, of Washington, D.C. (Geo. E. H. Goodner and Scott P. Crampton, both of Washington, D.C., on the brief), for petitioner.

F. E. Youngman, of Washington, D.C. (Samuel O. Clark, Jr., Sewall Key, A. F. Prescott, and F. E. Youngman, all of Washington, D.C., on the brief), for respondent.

Before HICKS, SIMONS and MARTIN, Circuit Judges.

PER CURIAM.

On petition to review the decision of the Processing Tax Board of Review, the record in this case, considered in entirety, is so incomplete and unsatisfactory as to necessitate a remand. The findings of fact are inadequate and the basis upon which decision below was rested is not apparent. Upon rehearing, the tax court which will now have jurisdiction should permit the record already made before the Processing Tax Board of Review to be augmented. The parties litigant should be permitted to introduce such additional evidence as may shed guiding light upon the controversy.

The tax court should permit the parties, if they desire, to reargue the case as if it had not been previously tried. Upon completion of the hearing as indicated, the tax court will file appropriate findings of fact and conclusions of law and render decision upon the full record in accordance with the law and the evidence. An opinion revealing the rationale of decision by the tax court would be most helpful here should a review be again sought.

Petitioner filed its petition for review addressed to this court on May 15, 1942, several days before the statutory three months' time had elapsed from the mailing by the Processing Tax Board of Review of its findings of fact and decision. No action had been taken by that board prior to that time on respondent's motion for

rehearing, although the motion had been argued. The Processing Tax Board of Review went out of existence by operation of law without ever having ruled upon respondent's motion for a rehearing.

In the unusual circumstances of the case, this court considers itself vested with jurisdiction to entertain the petition for review and considers itself possessed of power under the statute [Sec. 906(g) of the Revenue Act of 1936, Chapter 690, 49 Stat. 1648, 7 U.S.C.A. § 648(g)] to remand the cause to the United States Tax Court for the procedure directed herein. Substantial justice seems to require this course.